IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BRANDON MCELROY, ROBERT HARRINGTON**          **PLAINTIFFS**
**AVERIL OWENS and MICHAEL RIDER, Individually**
**and on behalf of All Others Similarly Situated**

vs.                        No. 5:18-cv-10

**TUCKER ENERGY SERVICES, INC., and**
**TUCKER ENERGY SERVICES U.S.A., INC.**          **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Brandon McElroy, Robert Harrington, Averil Owens and Michael Rider, individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Tucker Energy Services, Inc., and Tucker Energy Services U.S.A., Inc. (collectively "Defendants"), and in support thereof they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants pursuant to Section 216(b) of the FLSA.

2. The proposed Section 216 class is composed entirely of employees who are or were hourly-paid oilfield workers for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for overtime hours worked by Plaintiffs and the putative class members.

4. Plaintiffs, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for all hours worked in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

6. Plaintiffs file herewith their written Consents to Join this lawsuit pursuant to Section 216 of the FLSA.

## II. THE PARTIES

7. Plaintiff Brandon McElroy (hereinafter "Plaintiff McElroy") is a resident and citizen of Tarrant County. He was employed by Defendants to work in oilfields in Texas within the three (3) years preceding the filing of this Original Complaint.

8. At all times relevant hereto, Plaintiff McElroy was paid an hourly rate for his work for Defendants.

9. At all times material herein, Plaintiff McElroy has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

10. Plaintiff Robert Harrington (hereinafter "Plaintiff Harrington") is a resident and citizen of Grayson County. He was employed by Defendants to work in oilfields in Texas until approximately March of 2017.

11. At all times relevant hereto, Plaintiff Harrington was paid an hourly rate for his work for Defendants.

12. At all times material herein, Plaintiff Harrington has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

13. Plaintiff Averil Owens (hereinafter "Plaintiff Owens") is a resident and citizen of Tarrant County. He was employed by Defendants to work in oilfields in Texas from approximately May of 2014 until March of 2017.

14. At all times relevant hereto, Plaintiff Owens was paid an hourly rate for his work for Defendants.

15. At all times material herein, Plaintiff Owens has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

16. Plaintiff Michael Rider (hereinafter "Plaintiff Rider") is a resident and citizen of Smith County. He was employed by Defendants to work in oilfields in Texas from approximately November of 2014 until May of 2017.

17. At all times relevant hereto, Plaintiff Rider was paid an hourly rate for his work for Defendants.

18. At all times material herein, Plaintiff Rider has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et*

*seq*.

19. Defendant Tucker Energy Services, Inc., is a Texas corporation, licensed to do business in the States of Texas and Oklahoma.

20. Defendant Tucker Energy Services, Inc.'s registered agent for service of process in Texas is William C. Ferebee, 450 Gears, Suite 800, Houston, Texas 77067.

21. Defendant Tucker Energy Services, Inc. is an "employer" within the meaning set forth in the FLSA and, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class.

22. Defendant Tucker Energy Services, Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

23. Defendant's Tucker Energy Services, Inc., annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

24. Defendant Tucker Energy Services U.S.A., Inc., is a Texas corporation, licensed to do business in the States of Texas and Oklahoma.

25. Defendant Tucker Energy Services U.S.A., Inc.'s registered agent for service of process in Texas is William C. Ferebee, 450 Gears, Suite 800, Houston, Texas 77067.

26. Defendant Tucker Energy Services U.S.A., Inc. is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class.

27. Defendant Tucker Energy Services U.S.A., Inc., has employees engaged in

commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

28. Defendant's Tucker Energy Services U.S.A., Inc., annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## III.     JURISDICTION AND VENUE

29. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

30. The acts complained of herein were committed and had their principal effect against the Plaintiffs within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.     REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiffs brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid oilfield workers who were or are denied payment for all hours worked over forty per week and/or whose overtime pay is or was not calculated in compliance with the requirements of the FLSA within the applicable statute of limitations period.

32. Plaintiffs assert violations of the FLSA on behalf of all persons who were employed by Defendants as hourly-paid oilfield workers from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

33. Plaintiffs are unable to state the exact number of the class but believe that

the class membership exceeds fifty persons but is less than 250 persons. Defendants can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants.

34. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including:

A. Defendants' uniform policies and practices that resulted in the requirement that Plaintiffs perform off-the-clock work for Defendants; and

B. Defendants' failure to pay members of the class overtime compensation for all hours worked over forty per week in violation of the FLSA, 29 U.S.C. § 201 et seq.

35. Because other hourly-paid oilfield workers are similarly situated to Plaintiffs, and are owed overtime for the same reasons, at least one proper definition of the class is as follows:

> **Each individual employed as an hourly-paid oilfield worker for Defendants at any time within the three years preceding the filing of this Original Complaint.**

36. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

37. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least fifty putative class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period.

38. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided

to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

39. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

40. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

41. In addition, and in the alternative, Plaintiffs bring this action in their individual and personal capacities, separate and apart from the class claims set forth herein.

## V. FACTUAL ALLEGATIONS

42. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

43. Plaintiffs worked as hourly-paid oilfield workers for Defendants within the three years preceding the filing of the Original Complaint.

44. Plaintiffs' duties as hourly-paid oilfield workers included performing manual labor at oil well and gas well sites to assist in pumping and fracking the wells.

45. Defendants paid Plaintiffs, and all other hourly-paid oilfield workers during Plaintiffs' tenure, an hourly wage.

46. Plaintiffs regularly worked more than 40 hours per week as hourly-paid oilfield workers.

47. Hourly-paid oilfield workers other than Plaintiffs also regularly worked more than 40 hours per week.

48. Plaintiffs and other hourly-paid oilfield workers regularly performed work for Defendants for which they were not compensated.

49. Plaintiffs and other hourly-paid oilfield workers for Defendants routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

50. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and their other hourly-paid oilfield workers violated the FLSA.

## VI. FIRST CAUSE OF ACTION

**(Individual Claims for Violation of FLSA)**

51. Plaintiffs repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

52. In failing to compensate Plaintiffs for all hours worked over forty per week, Defendants violated the overtime provisions of the FLSA.

53. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

55. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CAUSE OF ACTION

### (Collective Action Claim for Violation of FLSA against Plaintiffs and All Those Similarly Situated Class Members)

56. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

57. Defendants required Plaintiffs and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

58. Defendants deprived Plaintiffs and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

59. Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

61. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. EQUITABLE TOLLING

62. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as

though fully incorporated herein.

63. Defendants failed to apprise Plaintiffs and the collective class members of their rights under the FLSA by posting USDOL-compliant notices in the workplaces of Plaintiffs and the class members.

64. Plaintiffs reserves the right to plead further facts and circumstances which may support equitable tolling in this case.

65. Plaintiffs and the class members are entitled to a just and reasonable amount of equitable tolling.

## IX. WILLFULNESS

66. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

67. All actions by Defendants were willful and not the result of mistake or inadvertence.

68. Defendants knew or should have known that the FLSA applied to the operation of their oil and gas well operations at all relevant times.

69. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving unpaid wage claims for positions very similar to the hourly-paid oilfield workers at issue in this case.

70. Despite being on notice of its violations, Defendants chose to continue their policies and practices described above which resulted in Plaintiffs and other members of the proposed collective class working overtime hours for which they were not compensated.

71. Additionally, upon information and belief, some members of the proposed

collective class from time to time complained to Defendants about the unlawfulness of Defendants' manner of payment and policies related to improper payment procedures.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs McElroy, Harrington, Owens and Rider, individually and on behalf of all others similarly situated, respectfully pray for declaratory relief and damages as follows:

(a)     That each Defendant be summoned to appear and answer herein;

(b)     That each Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c)     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g) An order directing Defendants to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BRANDON MCELROY, ROBERT HARRINGTON, AVERIL OWENS and MICHAEL RIDER Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com